**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:21-cv-23618-JLK/Becerra

MURIELLE JEUNE,

 Plaintiff,

v.

HUNTER WARFIELD, INC.,

 Defendant.

_____/

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

**THIS CAUSE** came before the Court upon Plaintiff Murielle Jeune's Motion for Leave to Proceed *In Forma Pauperis*. ECF No. [3]. The Honorable James Lawrence King, Senior United States District Judge, referred this matter to the undersigned Magistrate Judge. ECF No. [4].

In order to determine whether a party is indigent and should not be required to pay fees and costs, "the only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotations and citation omitted). If a party demonstrates that she is not able to pay for court fees and costs while supporting herself and her dependents, the request to proceed *in forma pauperis* should be granted. *Id.* There is no specific guidance regarding an income threshold to determine indigence for plaintiffs in federal civil cases. In federal bankruptcy cases, however, 28 U.S.C. § 1930(f)(1) provides that fees may be waived if an individual's income is less than 150% of the federal poverty guideline. In addition, the undersigned notes that Section 57.082, Florida Statutes, provides specific guidance regarding the determination of indigency for persons filing lawsuits in Florida state courts. Pursuant to that statute, a person is indigent if their income

is equal to or below 200% of the federal poverty guidelines. § 57.082 (2)(a)(1), Fla. Stat. (2012). The 2021 Department of Health and Human Services' Poverty Guidelines for a single person household is $12,880.00.  86 Fed. Reg. 7732, 7733 (Feb. 1, 2021).

Plaintiff has submitted an affidavit in support of her Motion for Leave to Proceed *In Forma Pauperis*.  ECF No. [3].  Plaintiff states that she is currently employed by "ABC Opus Services, Inc."  *Id.* at 1.  She attests that she earns approximately $2,240.00 per month in gross income or $1,931.00 in take-home pay.  *Id.*  Plaintiff notes that she does not receive income from any other sources and does not have any dependents.  *Id.* at 1–2.  Plaintiff asserts that she does not have any cash in any bank account.  *Id.* at 2.  Furthermore, Plaintiff states that she pays $1,100.00 per month in rent, $268.91 per month for her vehicle lease, and that her expenses for food and utilities "vary each month."  *Id.*  Finally, Plaintiff states that she owes $6,500.00 in medical bills.  *Id.*

In sum, Plaintiff earns approximately $23,172 per year in take-home pay.  Plaintiff's expenses amount to at least $16,426.92 per year, not including food and utilities.  Thus, given the above guidelines, the undersigned finds that Plaintiff is indigent for purposes of proceeding in this case.  *See Rodriguez v. Saul*, No. 20-CV-62489, 2020 WL 8475182, at *1 (S.D. Fla. Dec. 7, 2020) (granting a motion to proceed *in forma pauperis* despite the fact that the plaintiff's income exceeded the poverty guidelines given her overall financial situation).  Reviewing the totality of Plaintiff's circumstances, the undersigned finds that the payment of the filing fees and expected costs would deprive her of the ability to support herself.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Proceed *In Forma Pauperis*, ECF No. [3], is **GRANTED**.  It is further

**ORDERED AND ADJUDGED** that on or before November 2, 2021, Plaintiff shall prepare and file a proposed summons to be issued by the Clerk of the Court and served by the U.S. Marshal.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 19, 2021.

_____
JACQUELINE BECERRA
United States Magistrate Judge